UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAVEL BUTORIN, Derivatively on Behalf of Nominal Defendant KBR, Inc., | § § § § | Civil Action No. 4:14-cv-1471 |
| Plaintiff, | § § | |
| v. | § § | |
| W. FRANK BLOUNT, LOREN K. CARROLL, JEFFREY E. CURTISS, LINDA Z. COOK, LESTER L. LYLES, JACK B. MOORE, RICHARD J. SLATER, JOHN R. HUFF, and WILLIAM P. UTT, | § § § § § § | |
| Defendants, | § § | |
| and | § § | |
| KBR, Inc., | § § | |
| Nominal Defendant. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS AMENDED COMPLAINT BASED ON FORUM SELECTION CLAUSE**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL BACKGROUND ................................................................................4

III.    ARGUMENT ..........................................................................................................7

        A.      Defendants Seek Relief Unavailable Under the Bylaw Itself .............................7

        B.      Dismissal Is Not an Available Remedy to Enforce the Bylaw ...........................8

        C.      The Forum Selection Bylaw Is Unenforceable Under Federal Law ...................9

                1.      The Forum Selection Bylaw Is Not Enforceable Under the Contract
                        Principles of Federal Law ....................................................................10

                2.      The Bylaw Is Unenforceable Under Federal Law Because Defendants
                        Adopted It in the Midst of Their Wrongdoing.......................................13

                3.      The *Boilermakers* and *City of Providence* Opinions Did Not and Do Not
                        Affect or Alter the *Galaviz* Analysis ....................................................17

        D.      The Bylaw Is Not Valid as Applied Under Delaware Law ...............................19

        E.      It Is Fundamentally Unfair to Allow Those Being Sued to Dictate Venue
                Through a Forum Selection Clause Bylaw Unilaterally Adopted in the Midst of
                Their Alleged Wrongdoing ...............................................................................22

IV.     CONCLUSION.....................................................................................................23

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Allen v. Prime Computer, Inc.*,
   540 A.2d 417 (Del. 1988) ............................................................................................ 19

*Andes Indus. v. Chen Sun Lan*,
   2014 U.S. Dist. LEXIS 163571 (D. Nev. Nov. 19, 2014) ................................................. 10

*Atl. Marine Constr. Co. v. United States Dist. Court*,
   134 S. Ct. 568 (2013) ................................................................................................. 3, 9

*Boilermakers Local 154 Ret. Fund v. Chevron Corp.*,
   73 A.3d 934 (Del. Ch. 2013) ................................................................................... passim

*Braspetro Oil Servs. Co.-Brasil v. Modec (USA), Inc.*,
   240 F. App'x 612 (5th Cir. 2007).......................................................... 10, 12, 16

*Breakbulk Transp., Inc. v. M/V Renata*,
   2008 U.S. Dist. LEXIS 34243 (S.D. Tex. Apr. 25, 2008) ................................................. 11

*Brown v. Federated Capital Corp*,
   991 F. Supp. 2d 857 (S.D. Tex. 2014) ................................................................................. 11

*Carnival Cruise Lines, Inc. v. Shute*,
   499 U.S. 585 (U.S. 1991)................................................................................... 12, 13

*City of Providence v. First Citizens Bancshares, Inc.*,
   99 A.3d 229 (Del. Ch. 2014) ................................................................................... 17, 18

*Cline v. Carnival Corp.*,
   2014 U.S. Dist. LEXIS 17415 (N.D. Tex. Feb. 12, 2014) ................................................. 11

*Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc.*,
   806 F.2d 848 (8th Cir. 1986) ................................................................................................. 16

*Galaviz v. Berg*,
   763 F. Supp. 2d 1170 (N.D. Cal. 2011) ................................................................ 10, 14, 15

*Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*,
   536 F.3d 439 (5th Cir. 2008) ................................................................................................. 12

*Guth v. Loft, Inc.*,
   5 A.2d 503 (Del. 1939) ................................................................................................. 21

*Haynsworth v. The Corp.*,
    121 F.3d 956 (5th Cir. 1997) ................................................................. 12, 13

*Henry v. Covenant Transp. Inc.*,
    2014 U.S. Dist. LEXIS 73015 (N.D. Tex. May 29, 2014) ................................ 11

*IMCO Recycling, Inc. v. Warshauer*,
    2001 U.S. Dist. LEXIS 14636 (N.D. Tex. Aug. 31, 2001) ................................ 13

*In re Facebook, Inc.*,
    922 F. Supp. 2d 445 (S.D.N.Y. 2013)...................................................... 10, 14, 15

*In re Int'l Profit Assocs.*,
    274 S.W.3d 672 (Tex. 2009)................................................................................ 12

*Ingres Corp. v. CA, Inc.*,
    8 A.3d 1143 (Del. 2010) ..................................................................................... 11

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972)...................................................................................... passim

*North v. McNamara*,
    2014 U.S. Dist. LEXIS 131672 (S.D. Ohio Sept. 19, 2014) .............................. 15

*Piambino v. Bailey*,
    610 F.2d 1306 (5th Cir. 1980) .............................................................................. 7

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)............................................................................................ 11

*Schnell v. Chris-Craft Indus., Inc.*,
    285 A.2d 437 (Del. 1971) ................................................................................... 19

*Standard Power & Light Corp. v. Inv. Assoc., Inc.*,
    29 Del. Ch. 593 (Del. 1947)................................................................................. 8

*Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*,
    2009 U.S. Dist. LEXIS 102017 (N.D. Tex. Nov. 2, 2009)................................. 12

## **Statutes**

15 U.S.C. § 78aa ......................................................................................... 2, 7

15 U.S.C. § 78cc ......................................................................................... 2, 8

15 U.S.C. § 78n ................................................................................................................ 2

28 U.S.C. § 1404(a) ...................................................................................................... 3, 9

Plaintiff Pavel Butorin submits this memorandum of law in opposition to Defendants' Motion to Dismiss Amended Complaint Based on Forum Selection Clause (Dkt # 13).[1]  For the reasons discussed herein, Plaintiff's filing of the above-captioned shareholder derivative action (the "Action") in this Court and jurisdiction was proper.  Accordingly, the motion should be denied in its entirety.

## I.    <u>INTRODUCTION</u>

On February 25, 2014, the Board of Directors (the "Board") of KBR, Inc. ("KBR" or the "Company") unilaterally adopted a bylaw purporting to limit KBR shareholders' choice of forum in any derivative action solely to courts in Delaware.[2]  Two days later, on February 27, 2014, KBR disclosed that it suffered from material weaknesses in its internal controls over financial reporting during 2013, but Defendants assured investors the Company's 2013 financial statements were accurate.  In May 2014, Defendants finally were forced to admit that in fact, the 2013 financial statements were untrue and a massive restatement would be required.  The massive restatement is particularly serious in this case because Defendants have admitted that KBR was, for a significant period of time, misapplying its single most important accounting policy.

---

[1]  "Defendants" are the following directors and officers of KBR: W. Frank Blount, Loren K. Carroll, Jeffrey E. Curtiss, Linda Z. Cooke, Lester L. Lyles, Jack B. Moore, Richard J. Slater, John R. Huff, and William P. Utt.

[2]  Forum selection clauses like KBR's, which are unilaterally added to a corporation's bylaws instead of its corporate charter – thus bypassing shareholder notice and shareholder approval – are highly suspect because they are obviously designed and intended to prejudice severely shareholders' rights to pursue derivative (and other) claims.  Forum selection clauses such as the one at issue here would purport to abrogate shareholders' rights to litigate in their own home states or even, as here, in the jurisdiction where the corporation is headquartered.  For these reasons, among others, the world's leading proxy advisory services, institutional shareholder groups, and trade union federations, including MSCI/Institutional Shareholder Services ("ISS"), Glass Lewis & Co. ("Glass Lewis"), the Council of Institutional Investors ("CII"), and the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") have publicly voiced their strong opposition to the use of this type of forum selection clause.

Despite the fact that KBR is headquartered (and transacts most of its business) in this District, there is a related securities class action, *In re KBR, Inc. Sec. Litig.*, Case No. 4:14-CV-01287 (the "Securities Class Action"), pending in this District, and most Defendants reside in this District, Defendants make the meritless claim that Plaintiff should have brought this suit "in state court in Delaware." Defs'. Mot. at 2.[3] Defendants' argument for dismissal of this Action in light of the recent adoption of the forum selection bylaw at a suspiciously convenient time must fail as a matter of law.

First, Defendants' motion fails to acknowledge that Plaintiff's Amended Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty and Abuse of Control filed in this Court on May 27, 2014 (Dkt # 12) (the "Amended Complaint") asserts a federal claim over which federal courts have exclusive jurisdiction. Count III of the Amended Complaint is a claim under § 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n. U.S. District Courts have exclusive jurisdiction over Securities Exchange Act claims. 15 U.S.C. § 78aa. No "state court in Delaware" has jurisdiction over this claim. Under 15 U.S.C. § 78cc, an agreement purporting to waive Securities Exchange Act claims is void. Additionally, the Delaware Chancery Court has stated that § 14(a) claims did not even fall within the ambit of a forum selection clause materially identical to KBR's. *Boilermakers Local 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 962 (Del. Ch. 2013) ("*Boilermakers*"). Thus, the forum selection clause does not apply to Plaintiff's federal claim, but even if it did, the entire premise of Defendants' motion, that the bylaw requires this action be dismissed and refiled in Delaware state court, is wrong. This action cannot proceed in Delaware state court. Defendants' motion must be denied.

---

[3] Citations to "Defs'. Mot. at _" refer to Defendants' Motion to Dismiss Amended Complaint Based on Forum Selection Clause.

Second, because "state court in Delaware" is not an available forum, dismissal, the relief for which Defendants' move, is not an available remedy to enforce the bylaw.  Where a federal forum is the only appropriate forum, transfer of venue pursuant to 28 U.S.C § 1404(a), not dismissal, is the remedy to enforce a forum selection provision.  *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 579 (2013).  Dismissal simply is not an available remedy in this situation.  Defendants have therefore briefed and moved for the wrong relief.  Thus, Defendants' motion to dismiss must be denied.

Third, even assuming Defendants corrected the foregoing two defects to their motion, the forum selection bylaw is unenforceable under federal common law.  Forum selection bylaws are a recent development and their enforceability in derivative actions generally is questionable.  Federal common law analyzes the enforceability of forum selection clauses under contract principles.  KBR's forum selection bylaw was obtained in exchange for no consideration whatsoever and was adopted by Defendants while they were breaching their fiduciary duties and days before they were forced to issue disclosures that would alert investors to same.  Under federal law, a unilaterally inserted contract term for which no consideration was given, when the party inserting the term knew of material adverse facts undisclosed to the other party, is not enforceable.  Other District Courts have found similar forum selection bylaws unenforceable under less egregious circumstances.

Fourth, the forum selection bylaw is not valid as applied under Delaware law because Defendants are breaching their fiduciary duties in seeking to enforce it here.  In seeking dismissal in favor of state court in Delaware, Defendants attempt to deprive Plaintiff and the Company of a claim that they are entitled to.  No related litigation is pending in any forum other than this one.  Duplicative litigation in multiple fora is not an issue here.  Because, as discussed herein, Delaware state court is not an available forum under the bylaw in this case, Defendants'

3

weak argument that Delaware state court would result in a more consistent application of Delaware law is mooted.  The related Securities Class Action is pending in this District, most Defendants are in this District, and KBR is headquartered and conducts most business in this District.  There is no rational reason at all why another District Court is a more efficient or more convenient forum for Plaintiff, Defendants, KBR, or the Court.  Only Defendants' interests, and not the Company's, are served by enforcement of the bylaw on these facts.  Defendants' attempt to enforce the forum selection bylaw in this situation is a breach of their duty of loyalty to the Company.

Fifth, it is fundamentally unfair to allow those being sued to dictate forum through a bylaw clause unilaterally adopted after their alleged wrongdoing was well underway and when they knew the alleged wrongdoing was about to be revealed.

Accordingly, the Court should deny Defendants' Motion.

## II.    FACTUAL BACKGROUND

KBR is a global engineering, construction and services company.  ¶ 18.[4]  Due to the nature of its business – the long-term contracts into which it enters – the ability accurately to account for the costs of project contracts is critical to KBR's financial reporting.  ¶ 1.  Thus, the Company is particularly dependent on maintaining properly functioning internal financial controls.  *Id*.  As a result of the improper accounting described in the Amended Complaint, the Company's operating income in its' Services segment was artificially inflated by over 500% during 2013, and Company-wide net income was overstated by over 300% during the third quarter of 2013, over 200% during the fourth quarter of 2013, and over 60% for the year.  ¶ 2.

---

[4]  All paragraph citations are to the Amended Complaint.

Throughout the 2013 fiscal year, Defendants were repeatedly presented with facts showing that the Company's internal controls were inadequate and that the Company's financial statements repeatedly and materially underestimated costs under various contracts.  ¶¶ 28, 30-31, 33, 35, 39.  For example, when KBR's 2012 operating income came in at less than half of the Company's 2011 operating income, under-estimated contract costs were listed as a significant factor.  ¶ 3.  Then, after the Company filed its 2012 Form 10-K, the SEC requested it disclose additional information regarding material revisions to contract costs.  ¶ 37.  At this juncture, it would have been painfully apparent to each Defendant that KBR's cost of contract estimates were unreliable.  Yet, the problems only worsened.  According to its 2013 Form 10-K, KBR's Services segment's operating income declined from the previous year due in large part to $62 million in charges related to the underestimation of contract costs.  ¶ 53.

The extent of KBR's failed accounting finally began to be revealed on February 27, 2014, when the Company disclosed that its independent auditor had identified material weaknesses in its internal controls over financial reporting.  ¶ 4.  The disclosure stated that KBR had not been properly accounting for cost estimates in the Company's long-term contracts.  *Id*.  However, KBR stated that its senior management had conducted extensive testing on the Company's financial statements and "ensure[d]" that the reported results were accurate and in compliance with Generally Accepted Accounting Principles.  *Id*.  In light of these developments, it could not have been a coincidence that a mere *two days* prior to the public disclosure of these material weaknesses – a public disclosure which immediately raised the specter of a restatement, and thus potential liability for the same Defendants enacting the bylaw – Defendants sought to ensure that any litigation arising out of these events would be fought on the ground of their choosing.

The forced disclosure of these material weaknesses was sufficiently serious that it resulted in the departure of the Company's Chief Financial Officer, Dennis S. Baldwin

5

("Baldwin"), on March 4, 2014.  ¶ 5.  Two days later, on March 6, 2014, *before Baldwin's resignation was publicly disclosed*, Defendant William P. Utt ("Utt"), KBR's Chief Executive Officer, sold *over 70%* of his KBR stock holdings for proceeds of *over $4.5 million*.  *Id.*  This stock sale was larger than all of Defendant Utt's KBR stock sales over the previous two years combined.  *Id.*  To date, the Board has taken no action against Defendant Utt in connection with this improper stock sale.

The significance of KBR's bad accounting was publicly acknowledged when, on May 5, 2014, a mere nine weeks after adoption of the forum selection clause, the Company disclosed that its financial statements for the 2013 fiscal year should not be relied on and would have to be restated.  ¶ 64.  The Company described the reason for the restatement as resulting from errors in the cost estimate to complete seven contracts in KBR's Services segment.  *Id.*  As a result, the Company would be required to take a pre-tax charge of more than $150 million and a reversal of over $20 million in previously recognized profits, with an additional negative cash flow impact of up to over $40 million.  *Id.*  The Company also disclosed an overstatement of an additional $9 million in revenue and an understatement of income tax provision of approximately $6.5 million.  *Id*.  In addition to being forced to restate its Form 10-K for the 2013 fiscal year, KBR delayed filing its Form 10-Q for the first quarter of 2014.  ¶ 65.

The amounts to be restated are material: although KBR's annual revenues are in the billions, KBR's reported operating income (profits realized after operating expenses) for 2012 was only approximately $300 million and only $471 million in 2013.  ¶ 7.  The $150 million charge and additional over $40 million negative cash impact are equivalent to over 40% of the Company's $471 million operating income.  *Id*.

III.   **ARGUMENT**

A.   **Defendants Seek Relief Unavailable Under the Bylaw Itself**

KBR's forum selection bylaw is unenforceable under federal law and invalid under Delaware law.  But even if the bylaw was enforceable and valid, "state court in Delaware" would not be an available forum.  *See* Defs'. Mot. at 1, 2, 5, 10, 16.  Defendants' motion fails to acknowledge that Count III of the Amended Complaint is a federal claim under § 14(a) of the Securities Exchange Act.  The presence of this claim, which Defendants entirely fail to address, requires the denial of their motion for at two distinct reasons:

(i)   When presented with a materially identical forum selection bylaw, the Delaware Chancery Court, in the very case that forms the foundation of Defendants' brief, *Boilermakers*, stated that claims under § 14(a) of the Securities Exchange Act did *not* fall within the ambit of the bylaw.  "[A] claim by a stockholder under federal law for falsely soliciting proxies does not fit within any category of claim enumerated in FedEx's forum selection bylaw."  *Boilermakers*, 73 A.3d at 962.  KBR's bylaw is materially indistinguishable from the bylaw at issue in *Boilermakers*.  *See id*. at 942; Defs'. Ex. 1 at 35.  Defendants cannot rely heavily on *Boilermakers* to argue that it establishes the bylaw's supposed validity and then avoid *Boilermakers*' conclusion that claims like those asserted here are not subject to it.  As a result, under Defendants' primary case, the forum selection bylaw does not apply to Plaintiff's claims and the motion to dismiss should be denied.

(ii)   U.S. District Courts have exclusive jurisdiction over claims under § 14(a) of the Securities Exchange Act.  15 U.S.C. § 78aa; *Piambino v. Bailey*, 610 F.2d 1306, 1333 (5th Cir. 1980).  No "state court in Delaware" has jurisdiction over the Securities Exchange Act claim. *See, e.g., Standard Power & Light Corp. v. Inv. Assoc., Inc.*, 29 Del. Ch. 593, 606 (Del. 1947) (resolution of "compliance or noncompliance with Section 14(a) of the Securities Exchange Act

… lies solely within the exclusive jurisdiction" of the federal courts).  KBR's forum selection bylaw is void if it would operate to waive Securities Exchange Act claims: "[a]ny condition, stipulation, or provision binding any person to waive compliance with any provision of [the Securities Exchange Act] or of any rule or regulation thereunder, or of any rule of a self-regulatory organization, *shall be void*."   15 U.S.C.S. § 78cc (emphasis added); *see also Boilermakers*, 73 A.3d at 962 (a forum selection bylaw purporting to waive claims under the Securities Exchange Act would be void).

Thus, even if the forum selection clause were valid and enforceable, which it is not, Delaware state courts have no jurisdiction and the forum selection clause may not operate to deprive Plaintiff and the Company of a federal forum for the Exchange Act claim.  Defendants' entire argument – that the forum selection bylaw requires this action to be dismissed and refiled in Delaware state court – is based on a facially incorrect reading of the bylaw, Amended Complaint, and/or applicable law.  Due to this defect alone, Defendants' motion to dismiss should be denied.

### B.    Dismissal Is Not an Available Remedy to Enforce the Bylaw

Because "state court in Delaware" is not an available forum, Defendants have moved for the wrong relief – dismissal – and their motion should be denied.  Defendants will likely argue on reply that KBR's bylaw provides that actions may be transferred to the U.S. District of Delaware when state courts lack jurisdiction.[5]  However, in such a situation, a motion to enforce the forum selection provision must be a motion to transfer venue under 28 U.S.C § 1404(a), not a motion to dismiss.  *Atl. Marine Constr.*, 134 S. Ct. at 579.   Perplexingly, Defendants

---

[5]  The bylaw states that the forum for actions such as this one "shall be a state court located within the State of Delaware (or, *if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware*)."  Defs'. Mot. at 3-4 (emphasis added); Defs'. Mot., Ex. 1 at 35.

acknowledge as much in their brief without realizing their error: "transfer rather than 'outright dismissal' is appropriate only 'for the subset of cases in which the transferee forum is within the federal court system….'" Defs'. Mot. at 2 (citing *Atl. Marine Constr. Co.*, 134 S. Ct. at 580).

However, Defendants have not moved to transfer venue, and the issues have not been briefed. If transfer was sought, arguments against transfer and the law supporting them would need to be addressed, including: (a) the pendency of a related federal Securities Class Action in this District and the lack of any related litigation pending elsewhere; and (b) that the District of Delaware is a federal forum just like this one and transfer to it would provide no benefit or enhanced convenience to any party or to the Court. Dismissal simply is not an available remedy due to the presence of the federal claim in the Amended Complaint. Thus, even if the enforceability and validity of the forum selection bylaw were conceded, which they are not, Defendants have moved for unavailable relief and their motion must be denied.[6]

### C.    The Forum Selection Bylaw Is Unenforceable Under Federal Law

Even assuming that Defendants corrected these two threshold defects to their motion, the forum selection bylaw is unenforceable under federal common law. Regardless of the forum selection clause's purported "validity" under Delaware law, federal courts (including the U.S. Court of Appeals for the Fifth Circuit) have unequivocally held that the *enforceability* of a forum selection clause must be determined under federal common law – *not* Delaware law. *Braspetro Oil Servs. Co. – Brasoil v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) ("[f]ederal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases.") (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997)

---

[6]  Had Defendants moved to transfer this action to the U.S. District Court for the District of Delaware, Plaintiff would have opposed that motion. Should the Court be inclined to convert Defendants' motion into a motion to transfer venue, Plaintiff respectfully requests the opportunity to brief that issue.

(quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516)).  *See also Andes Indus. v. Chen Sun Lan*, 2014 U.S. Dist. LEXIS 163571, at **17-18 (D. Nev. Nov. 19, 2014); *Galaviz v. Berg*, 763 F. Supp. 2d 1170 (N.D. Cal. 2011); *In re Facebook, Inc.*, 922 F. Supp. 2d 445 (S.D.N.Y. 2013).[7]

### 1.    The Forum Selection Bylaw Is Not Enforceable Under the Contract Principles of Federal Law

Basic contract principles dictate that because the forum selection bylaw was unilaterally adopted in exchange for no consideration at time when Defendants were aware of material, adverse information concealed from the Company's shareholders, the clause is contractually unenforceable.  The application of forum selection bylaws to shareholder derivative actions is a new phenomenon and few U.S. District Courts have opined on their enforceability.  In *Galaviz*, the first and most-cited federal decision analyzing the enforceability of a forum selection bylaw in a shareholder action, the court followed well-settled law and held that the enforceability analysis is rooted in time-honored contract law principles.  *Galaviz,* 763 F. Supp. 2d at 1174 ("Oracle has not pointed to any commercial contract case upholding a venue provision that was inserted by a purported unilateral amendment to existing contract terms.").   Defendants themselves do not contest that a traditional contractual analysis of the forum selection clause is the proper method by which to analyze its enforceability in this Action.  *See, e.g.*, Defs'. Mot. at 2, 5.

The U.S. Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) ("*Bremen*"), which Defendants cite with approval and rely on heavily, confirmed that the proper analysis of the validity of a forum-selection clause is a contractual analysis.  *Bremen* involved a forum selection clause in "an international towage contract between petitioners and respondent"

---

[7]  Likewise, the parties appear to agree that federal common law governs enforceability of the forum selection bylaw.  *See, e.g.*, Defs'. Mot. at 2 (arguing the bylaw is "enforceable under federal law"); *id*. at 5 (citing federal law as the standard of enforceability of forum selection clauses).

that required all claims to be brought "before the London Court of Justice."  *Id.* at 2.  Notably, in *Bremen*, unlike in KBR's bylaws, the forum-selection clause was contained in a contract that was *negotiated by both parties involved*.  *Id.* at 3 ("After reviewing the contract and making several changes, but without any alteration in the forum selection or exculpatory clauses, a Zapata vice president executed the contract and forwarded it to Unterweser in Germany, where Unterweser accepted the changes, and the contract became effective.").  Eventually, the plaintiff filed an action for breach of contract in the U.S. District Court at Tampa against the defendants after a severe storm seriously damaged the rig that defendants agreed to tow pursuant to the contract in question.  *Id.*  In analyzing the enforceability of the forum selection clause at issue, the Supreme Court engaged in a traditional contract law analysis and found that because the forum selection clause was "freely negotiated" (in other words, the exact opposite of the unilaterally-adopted Clause on which Defendants rely on here) that it "should be given full effect."  *Id.* at 12-13[8] ("There are compelling reasons why a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given full effect.").[9]

    Nearly twenty years later, the Supreme Court reaffirmed its forum selection clause analysis in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) ("*Carnival*").  There, a forum-selection clause dispute arose when a passenger on a Carnival Cruise Lines ship filed suit

---

[8]  Just as in *Bremen,* most of the decisions cited by Defendants are bargained-for contracts between individual parties.  *See, e.g., Breakbulk Transp., Inc. v. M/V Renata*, 2008 U.S. Dist. LEXIS 34243 (S.D. Tex. Apr. 25, 2008); *Cline v. Carnival Corp.*, 2014 U.S. Dist. LEXIS 17415 (N.D. Tex. Feb. 12, 2014); *Henry v. Covenant Transp. Inc.*, 2014 U.S. Dist. LEXIS 73015 (N.D. Tex. May 29, 2014); *Brown v. Federated Capital Corp*, 991 F. Supp. 2d 857 (S.D. Tex. 2014); *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143 (Del. 2010);  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Haynsworth, supra*; *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439 (5th Cir. 2008); *In re Int'l Profit Assocs.*, 274 S.W.3d 672 (Tex. 2009).

[9]  *Bremen* also dealt with an international contract concerning numerous countries.  In *Baspetro Oil*, the Fifth Circuit specifically referenced the importance of forum selection clauses in contracts involving parties from two or more countries.  Obviously that factor is not an issue here.

against Carnival after she fell and injured herself on the cruise ship.  *Id.* at 588.  According to the forum selection clause, which was contained in the section marked "Terms and Conditions" of the passengers' tickets, any lawsuit against Carnival had to be brought "in a court in the State of Florida."  *Id.*  Despite the forum selection clause, the plaintiff chose to file suit in the State of Washington.  *Id.*  In analyzing the enforceability of the forum selection clause, the Supreme Court again relied on ordinary, traditional contract principles and found that, *inter alia*, because the plaintiff had been given notice of the forum-selection provision, the plaintiff had the option of rejecting the ticket altogether.  *Id.* at 595 ("Finally, respondents have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity.").

Both *Bremen* and *Carnival* support the contractual-type analysis of the forum-selection bylaw at issue in *Galaviz* and the bylaw here in this Action.  *See also Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*, 2009 U.S. Dist. LEXIS 102017, at *8 (N.D. Tex. Nov. 2, 2009) ("[b]ecause the forum selection clause is part of a contract, principles of contract interpretation apply"); *IMCO Recycling, Inc. v. Warshauer*, 2001 U.S. Dist. LEXIS 14636, at *3 (N.D. Tex. Aug. 31, 2001) (same).  Defendants concede that basic contract principles govern and do not even contend that another type of analysis would be appropriate.  It is particularly noteworthy that neither *Bremen* nor *Carnival* addressed the type of situation present in this Action, one in which the forum selection provision was inserted by one party's unilateral amendment to an existing "contract."

In *Bremen*, the Supreme Court teaches that forum selection "clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable under the circumstances.'"  (Footnote omitted.)  The Fifth Circuit, relying on *Bremen*, recognized that, "[u]nreasonableness potentially exists where (1) the incorporation of the forum

selection clause into the agreement was the product of fraud or overreaching . . . ." *Haynsworth*, 121 F.3d at 963.  It is at least egregious overreaching for Defendants to unilaterally adopt a forum selection clause at a time when they knew the Company was about to disclose material weaknesses to its internal controls over financial reporting and knew this disclosure would likely give rise to allegations of breaches of fiduciary duties against them.

### 2.    The Bylaw Is Unenforceable Under Federal Law Because Defendants Adopted It in the Midst of Their Wrongdoing

The February 25, 2014 amendment to KBR's bylaws was made *after* Defendants' inflated financial results were published and *after* Defendants knew that KBR would be forced to disclose that they had failed to ensure the Company's accounting was truthful, but *immediately before* the material weaknesses were disclosed.  The Board's unilateral amendment to the Company's bylaws appears less driven by the *Boilermakers* decision than their desire to control the potential fallout from their own wrongdoing and imminent disclosure of same.

Defendants argue the enforceability of the forum selection clause is to be reviewed under contract law.  Defs'. Mot. at 9 (plaintiff "consented through the purchase of KBR stock" to be bound by the forum selection clause).  While the analysis should be the same, the forum selection clause is anything but a clause in a typical contract.  As *Galaviz* makes clear, under controlling federal common law, a party "cannot persuasively contend that its bylaws are like any other contract . . . while simultaneously arguing that it was permitted under corporate law to amend those bylaws in a manner that it could not have achieved under contract law."  *Galaviz*, 763 F. Supp. 2d at 1174.[10]

---

[10]  This is particularly the case with KBR's forum selection clause.  Under no set of circumstances can Defendants seriously claim that the clause, which was unilaterally "negotiated" without any consideration whatsoever at time when Defendants possessed material information unknown to shareholders, is like "any other contract."

Here, in contrast to a typical "contract," the forum selection bylaw was unilaterally adopted without the consent of KBR shareholders in the midst of wrongdoing, at time when Defendants alone knew the Company's accounting was improper, and without any consideration, by the Board whose members are Defendants in this Action. As the *Galaviz* court noted:

> Under contract law, a party's consent to a written agreement may serve as consent to all terms therein, whether or not all of them were specifically negotiated or even read, but it does not follow that a contracting party may thereafter unilaterally add or modify contractual provisions. . . . [T]he venue provision was unilaterally adopted by the directors who are defendants in this action, after the majority of the purported wrongdoing is alleged to have occurred, and without the consent of existing shareholders who acquired their shares when no such bylaw was in effect. Under these circumstances, there is no basis for the Court to disregard the plaintiffs' choice of forum . . . .

*Id.* at 1174-75.

In addition to *Galaviz*, the Southern District of New York's recent decision in *In re Facebook* is also instructive. There, the Southern District of New York held that a forum selection clause *cannot be applied retroactively*. 922 F. Supp. 2d at 463. Specifically, in *Facebook*, the corporation conducted an initial public offering ("IPO") on May 18, 2012, but its forum selection clause (requiring, *inter alia*, derivative actions and breach of fiduciary duty claims to be brought in the Delaware Chancery Court) did not become effective until May 22, 2012. *Id.* Based on the timing of these events, the court held that any claims related to Facebook's IPO were not subject to its forum selection clause, because the IPO occurred prior to the adoption of that clause. *Id.* The situation in this Action is analogous – KBR's forum selection clause did not become effective until after Defendants' wrongdoing giving rise to this Action commenced and is, therefore, plainly unenforceable. *Id.*

Defendants rely heavily on *North v. McNamara*, 2014 U.S. Dist. LEXIS 131672 (S.D. Ohio Sept. 19, 2014), in an effort to avoid the conclusion of *Galaviz* and *Facebook*. Plaintiff respectfully submits that *McNamara* was wrongly decided because it follows a Delaware state

14

court opinion analyzing the contract issues presented by the forum selection bylaw and not federal common law. *Id.* at **15-19. All relevant authority agrees, as do the parties here, that federal common law governs the contract analysis. *McNamara* is the only federal opinion of which Plaintiff is aware to take this unsupported position. At present, there have been four reported opinions from U.S. District Courts faced with a request to apply a forum selection bylaw in similar situations. These are *Galaviz*, *Facebook*, *McNamara*, and *Andes Indus.* Of these, only *McNamara* enforced the bylaw. For these reasons and because Defendants' reliance on *McNamara* conflicts with their own reasoning regarding the applicable law for determining enforceability of a forum selection clause, *McNamara* is of little value on this motion and the Court should decline to follow it.

Defendants rely on the Fifth Circuit's decision in *Braspetro Oil* for the proposition that forum selection clauses are *prima facie* valid and should be enforced unless the resisting party shows enforcement is "unreasonable" under the circumstances. Defs'. Mot. at 5-6. Plaintiff has shown the unreasonableness of allowing the Board to include a forum selection clause after the wrongdoing occurred and before the Company felt its results. Indeed, *Braspetro Oil* buttresses Plaintiff's position that the motion be denied. While the Fifth Circuit required enforcement of the forum selection clause, the court referred to the resisting party's citation to the Eighth Circuit's reasoning in *Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848 (8th Cir. 1986). In rejecting the *Farmland* decision as a basis for not enforcing the forum selection clause in *Braspetro Oil*, the Fifth Circuit noted that in *Farmland*, "the Eighth Circuit limited its holding to situations involving 'a fiduciary relationship' such as between a commodities broker and its customer." *Braspetro Oil*, 240 F. App'x at 612 (citing *Farmland* at 806 F.2d 851). Given the fiduciary relationship between Defendants and Plaintiff here, it seems

15

quite possible that the *Braspetro Oil* court would find enforcement of the forum selection clause "unreasonable."

Defendants' citation to *Haynsworth*, *supra*, is similarly unavailing because *Haynsworth* also looked to the Supreme Court's test for "unreasonableness" as enunciated in *Bremen*, 407 U.S. at 10.  As discussed herein, the adoption of the forum selection clause two days before disclosing material weaknesses to internal controls and ten weeks before a massive financial restatement was announcement, the Board's conduct was at least the product of overreaching, and according to *Haynsworth,* 121 F.3d at 963, unreasonableness potentially exists when incorporation of a forum selection clause was the product of fraud or overreaching.  Because of the timing of the adoption of the clause, the overreaching is "specific to" the forum selection clause, thereby invalidating it.  *Id.* (fraud and overreaching must be specific to forum selection clause to invalidate clause).

### 3.    The *Boilermakers* and *City of Providence* Opinions Did Not and Do Not Affect or Alter the *Galaviz* Analysis

*Boilermakers* is, in essence, nothing more than an advisory opinion by the Delaware Chancellor, never affirmed by the Delaware Supreme Court.  "The plaintiffs, stockholders in Chevron and FedEx, have sued the boards for adopting these 'forum selection bylaws.'"  73 A.3d at 938.  That is all that was at issue.[11]  And the court concluded only that "the forum selection bylaws are not facially invalid as a matter of statutory law."  *Id.* at 939.  It is important to note what the court specifically did *not* decide:

> But the plaintiffs here, who have no separate claims pending that are affected by the bylaws, may not avoid their obligation to show that the bylaws are invalid in all circumstances by imagining circumstances in which the bylaws might not

---

[11]  Indeed, as the Delaware Chancery Court subsequently recognized:  "The remaining question is whether the Forum Selection Bylaw is valid as-applied.  [*Boilermakers Local*] did not reach this question because it only considered the facial validity of Chevron's and FedEx's forum selection bylaws."  *City of Providence v. First Citizens Bancshares, Inc.*, 99 A.3d 229, 238-39 (Del. Ch. 2014) (footnote omitted).

> operate in a situationally reasonable manner.  Such circumstantial *challenges are required to be made based on real-world circumstances by real parties, and are not a proper basis for the survival of the plaintiffs' claims that the bylaws are facially invalid under the DGCL.*

*Id.* at 941 (emphasis added).

Plaintiff here has provided such a challenge and while the forum selection clause may be facially valid, the real-world circumstances here presented render it unenforceable.  The court found further that the forum selection bylaws adopted by Chevron and FedEx were facially valid because they were:

> [D]esigned to bring order to what the boards of Chevron and FedEx say they perceive to be a chaotic filing of duplicative and inefficient derivative and corporate suits against the directors and the corporations.

*Id.* at 952.  Here there is no duplicative litigation.

Nor does *City of Providence* change the *Galaviz* analysis.  *City of Providence* assessed, under Delaware law, the enforceability of a forum selection bylaw designating state or federal courts in North Carolina.  *City of Providence* therefore does not affect the federal common law regarding enforceability for forum selection clauses.  Additionally, although Defendants cite to *City of Providence*, much of its reasoning undercuts their arguments here.  The *City of Providence* court held that there is no reason Delaware state court is a more appropriate forum for normal intra-corporate disputes involving Delaware corporations than any other forum.  *Id.* at 236 ("all of the claims pled in the Merger Complaint (i.e., breach of fiduciary duty and unjust enrichment) are Delaware common law claims that can be (and frequently have been) asserted in non-Delaware forums").  Thus, Defendants' argument that Delaware is a superior forum because "Delaware law will govern" the claims and "Delaware courts are most familiar with Delaware law" has been rejected by the Delaware Chancery Court itself.  *See* Defs'. Mot. at 15.

One reason that North Carolina was an adequate forum in *City of Providence* was that the company was "based in North Carolina, most of its deposits are held there, most of its branches are located there." *Id.* at 240.  Here, by contrast, KBR is headquartered in this District, most of its business is done in this District, and Delaware has no connection to this litigation other than being KBR's state of incorporation.  Moreover, because, as discussed above, the only appropriate Delaware forum would be federal court it is unclear what interest, if any, the state of Delaware would have in this litigation even if the bylaw were enforced.  Finally, in *City of Providence* held the timing of adoption of the forum selection bylaw was not an obstacle to enforceability because it was not even "reasonably conceivable" that the Board was engaged in wrongdoing when it adopted the bylaw due to "the lack of *any* well-pled allegations… demonstrating any impropriety in [the] timing." *Id.* at 233, 241 (emphasis added).  Here, Defendants' enacted the bylaw days before KBR began the disclosures that resulted in a massive restatement related to its single most important accounting policy and the departure of numerous executives.  The allegations here, unlike the allegations of *City of Providence*, bespeak of serious and sustained wrongdoing, the imminent public disclosure of which resulted in adoption of the forum selection bylaw.

That a Delaware Court will not find a Delaware forum selection clause *per se* invalid is not at issue here.  The question here is whether this Court, applying federal forum selection law, will enforce a forum selection clause that was unilaterally adopted by the alleged wrongdoers, the result of which makes it more difficult for its stockholders to pursue claims against those same wrongdoers.

### D.    The Bylaw Is Not Valid as Applied Under Delaware Law

Under Delaware law, corporate bylaws must be administered in good faith.  *Allen v. Prime Computer, Inc.*, 540 A.2d 417, 420 (Del. 1988).  An otherwise proper bylaw amendment,

when taken or used for an inequitable purpose may be invalidated.  *Schnell v. Chris-Craft Indus., Inc.,* 285 A.2d 437, 439 (Del. 1971) ("inequitable action does not become permissible simply because it is legally possible").  In *Boilermakers*, the court stated that a forum selection clause could be disregarded in circumstances found here.  *Boilermakers* holds that a stockholder still has the right to argue that a forum selection clause should not be respected because its application would be unreasonable or because, relying on *Schnell,* 285 A.2d at 439, "the forum selection clause should not be enforced because the bylaw was being used for improper purposes inconsistent with the directors' fiduciary duties."  *Boilermakers*, 73 A.3d at 958.  Thus, Defendants misconstrue *Boilermakers* when they cite it for the proposition that the forum selection provision of KBR's bylaws is controlling here.  *Boilermakers* only rejected a *per se* finding of illegality and held that:

> [T]he time for a plaintiff to make an as-applied challenge to the forum selection clauses is when the plaintiff wishes to, and does, file a lawsuit outside the chosen forum.  At that time, a court will have a concrete factual situation against which to apply the *Bremen* test, or analyze, *à la Schnell*, whether the directors' use of the bylaws is a breach of fiduciary duty.

73 A.3d at 959.

The *Boilermakers* court recognized, "as with all exercises of fiduciary authority, the real-world application of a forum selection bylaw can be challenged as an inequitable breach of fiduciary duty."  *Id.* at 954 (footnote omitted).  Defendants' attempt to enforce the forum selection bylaw here is a breach of fiduciary duties for three reasons:

(i)      Defendants have the option to decline to enforce the forum selection clause in this action.  In seeking dismissal in favor of state court in Delaware, Defendants are attempting to deprive Plaintiff and the Company of a federal claim to which they are entitled.  Considering this very issue, the *Boilermakers* court stated that the Board "is empowered to permit a plaintiff with a claim within the exclusive jurisdiction of a federal court, but which arguably falls within the

reach of the bylaw's language, to proceed" and failure to do so could result give rise to claims of breach of fiduciary duties. *Id.* at 963. Here, Defendants' attempt to deprive Plaintiff, from asserting on behalf of the Company, a claim available only in federal court, benefits no one but Defendants' themselves.

(ii)   Here, there is no duplicative litigation across multiple fora. "The whole point of adopting a Forum Selection Bylaw was to solve the issue of multi-forum litigation." *City of Providence*, 99 A.3d at 239; *see also Boilermakers,* 73 A.3d at 943-944 (section of opinion titled "B. The Defendant Boards Have Identified Multiform Litigation Over Single Corporate Transactions or Decisions as the Reason Why They Adopted the Bylaws"). Here, there is only the instant derivative suit and the federal securities class action, also pending in this District. Only by *enforcing* KBR's forum selection bylaw would multi-forum litigation result. The lack of multi-forum litigation by itself demonstrates Defendants' questionable motives for attempting enforcement here.

(iii)   Because this action may only be heard in a federal court, the Company is not benefited in the slightest by this action being heard in any other available venue. No related litigation is pending in any forum other than this one. Thus, transfer to any other federal venue would doubtless cause the Company to incur higher legal costs due to travel alone. Because Delaware state court is not an available forum under the bylaw in this case, Defendants' weak argument that Delaware state court would result in a more consistent application of Delaware law is mooted. The related Securities Class Action is pending in this District, most Defendants are in this District, and KBR is headquartered and conducts most business in this District. There is no rational reason at all why some other District Court would be a more efficient or more convenient forum for Plaintiff, Defendants, KBR, or the Court. In light of these facts, the only

conceivable reason Defendants are seeking to transfer this case is because for some reason they believe their own personal interests are served by litigating there.

Attempting to enforce the forum selection clause under such circumstances is a breach of the duty of loyalty. *See, e.g., Guth v. Loft, Inc.*, 5 A.2d 503, 510 (Del. 1939) ("[t]he rule that requires an undivided and unselfish loyalty to the corporation demands that there shall be no conflict between duty and self-interest"). As a result, the motion to dismiss should be denied.

### E.   It Is Fundamentally Unfair to Allow Those Being Sued to Dictate Venue Through a Forum Selection Clause Bylaw Unilaterally Adopted in the Midst of Their Alleged Wrongdoing

Even putting aside the obvious legal infirmities of attempting to enforce the forum selection clause, which became effective only *after* Defendants' wrongdoing alleged in the Action commenced, the forum selection clause should not be enforced by this Court because it is fundamentally unreasonable. *Bremen*, 407 U.S. at 10. Holding that the forum selection clause is enforceable in this Action would mean that when an investor purchases stock in a corporation, he or she has preemptively signed away all of his or her future rights at the time of purchase.[12] While this may or may not be acceptable under Delaware corporate law, it is plainly not acceptable under the time-honored contract principles of federal common law, for all the reasons discussed at length above. In initiating this Action in this Court, Plaintiff complied with federal

---

[12]   As stated above, many prominent stockholder-advocacy groups including ISS, Glass Lewis, CII, and the AFL-CIO have publicly stated their strong opposition to exclusive forum provisions like KBR's Clause. For example, Glass Lewis stated in 2012 that "any provision limiting a shareholder's choice of legal venue is not in the best interests of shareholders and such provisions may effectively discourage the use of shareholder derivative claims by increasing their associated costs and making them more difficult to pursue." *See Glass Lewis & Co., Proxy Season Preview 2012*, at 5-6 (Jan. 1, 2012). Similarly, CII's corporate governance policies state (in pertinent part) that "[c]ompanies should not attempt to restrict the venue for shareowner claims by adopting charter or bylaw provisions that seek to establish an exclusive forum." *See* http://www.cii.org/corp_gov_policies. The AFL-CIO, meanwhile, has adopted a policy similar to CII's policy, stating that "[c]orporations should not deprive shareholders of the ability to bring lawsuits in the judicial forum of the shareholders' choosing," and its proxy voting guide recommends voting against all exclusive forum clauses. *See* http://www.aflcio.org/content/download/12631/154821/ proxy_voting_2012.pdf.

diversity subject matter jurisdiction and venue, and Defendants have not cited any other issue with this Court aside from the existence of the forum selection clause.  This is hardly shocking, as a substantial number of the individual Defendants, as well as KBR, are located in this District. Stated simply, this Court is perfectly capable of deciding shareholder derivative cases under Delaware law.

## IV.    <u>CONCLUSION</u>

For the reasons discussed herein, Plaintiff respectfully requests that the Motion be denied in its entirety.

DATED:  December 8, 2014.

Respectfully submitted,

_/s/ Thomas E. Bilek_
Thomas E. Bilek
TX Bar No. 02313525 / SDTX Bar No. 9338
**THE BILEK LAW FIRM, L.L.P.**
700 Louisiana, Suite 3950
Houston, TX  77002
(713) 227-7720

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Robert I. Harwood
Matthew M. Houston
Benjamin I. Sachs-Michaels
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, NY  10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed via the Live District CM/ECF System on December 8, 2014, which caused an electronic copy of same to be served automatically upon all counsel of record.

*/s/ Thomas E. Bilek*
Thomas E. Bilek